CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

May 06, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| SHANNON ISAIAH QUINN BELLAMY, | ) | |
| Plaintiff, | ) | Civil Action No. 7:25cv00862 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| VIRGINIA PAROLE BOARD, et al., | ) | By: Robert S. Ballou |
| Defendants. | ) | United States District Judge |

Plaintiff Shannon Isaiah Quinn Bellamy ("Bellamy"), a Virginia inmate proceeding *pro se*, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983, with jurisdiction vested pursuant to 28 U.S.C. § 1343.[1]  Bellamy names the Virginia Parole Board and Patricia West, Chair of the Virginia Parole Board, as defendants, alleging that the defendants denied him due process during his preliminary parole violation hearing and equal protection during his parole revocation.  He seeks monetary damages, declaratory relief, mediation, appointment of counsel, and "[a]ny other just and appropriate relief that this court deems necessary."  Compl. at 8.

This matter is before me for preliminary screening, pursuant to 28 U.S.C. § 1915A(a).  Having reviewed the complaint, I will dismiss the claims without prejudice because Plaintiff has failed to state a claim upon which relief may be granted, the defendants are immune from a suit for monetary damages, and Bellamy has failed to comply with three court orders dated December 4, 2025, January 21, 2026, and March 13, 2026, directing him to correct deficiencies noted in his Complaint.

---

[1] The Court notes that the opinion addresses only claims made under § 1983 and takes no position on whether Bellamy has a viable habeas claim.

### I.      Background

According to public records[2], Bellamy was sentenced on October 1, 2014, to a term of imprisonment of 30 years, with 10 years suspended, for criminal conduct in Scott County Circuit Court.  Bellamy alleges that on January 18, 2022, former Virginia Governor Ralph S. Northam granted him a conditional pardon with "'3' years Parole & Probation." *Id.* at 5.  Bellamy provides no additional information regarding the conditions or terms of his parole and probation or any information on the circumstances surrounding the reasoning for the conditional pardon.

The crux of Bellamy's complaint centers around his parole revocation by the Virginia Parole Board, which occurred on May 16, 2025.  Bellamy explains that on or about June 2024, he received a job at a smoke shop and obtained permission from his probation officer to take this particular job.  Shortly after Bellamy began working at the smoke shop, he was "charged with misdemeanor marijuana distribution," *Id.*, in Scott County General District Court.[3]  Bellamy alleges in his Complaint that on June 9, 2025, he entered a plea of no contest to the distribution

---

[2] Courts may take judicial notice at the motion to dismiss stage of facts not subject to reasonable dispute. *See Zak v. Chelsea Therapeutic Intern., Ltd.*, 780 F.3d 597, 607 (4th Cir. 2015). This includes taking judicial notice of government websites. *Hilton v. Gossard*, 702 F.Supp.3d 425, 430 (D.S.C. 2023); *see also E.M. v. Brown*, 2024 WL 4697682 *2, fn. 4 (W.D. Va. Nov. 6, 2024).

[3] According to public record, Bellamy's charge was possession with intent to distribute <1 oz of marijuana, a class 1 misdemeanor, under Virginia Criminal Code § 18.2-248.1. *General District Court Online Case Information System, Scott General District Court*, available at https://eapps.courts.state.va.us/gdcourts/criminalDetail.do?formAction=newSearch?ts=17779981 31935&clientSearchCounter=4&localFipsCode=169, *archived at* https://perma.cc/2ETD-9FH3. His offense date was August 9, 2023, and his arrest date was June 28, 2024. *Id.* Public record reflects that he was represented by counsel and the Scott County General District Court case was finalized on January 9, 2025. *Id.* Furthermore, Bellamy appealed his case to Scott County Circuit Court on January 23, 2025, where he was also represented by counsel. *Scott County Circuit – Criminal Division*, available at https://eapps.courts.state.va.us/CJISWeb/CaseDetail.do, *archived at* https://perma.cc/86UA-DNH5. Public record shows that the appeal was withdrawn and disposed of on April 24, 2025. *Id.*

charge.[4] Bellamy provides no further information as to why he entered a plea of no contest to the distribution charge.

Bellamy alleges that on or about May 8, 2025, Bellamy requested legal counsel at his preliminary parole hearing, a request which was denied. Bellamy does not provide any additional information surrounding the circumstances for the denial, including the person(s) responsible for the denial, the arrest date which triggered the violation or the Virginia Parole Board's procedures and requirements for requesting counsel. Additionally, the statements are unclear as to the timeline of when the preliminary parole hearing took place and whether Bellamy requested legal counsel on the same day as his preliminary parole hearing or whether he requested counsel prior to the hearing.

On or about May 16, 2025, the Parole Board determined that Bellamy violated "'Conditions 1' of Parole", *Id.*, which resulted in a revocation. According to publicly available information, the Virginia Parole Board's explanation of the condition Bellamy violated, resulting in the revocation, was the condition to "obey all Federal, State and local laws and ordinances." *See Parole Decisions for May, 2025, with Reasons*, available at https://vpb.virginia.gov/media/kibbjks4/parole-decisions-monthly-with-reasons-may-2025.pdf, *archived at* https://perma.cc/59L3-AC3N. Bellamy appealed the Parole Board's decision on or about May 26, 2025. On or about October 15, 2025, the Virginia Parole Board denied Bellamy's appeal. No additional information has been provided.

---

[4] Public record does not correspond to the date identified in Bellamy's complaint. As previously noted, public record indicates that the Scott County General District Court's decision was finalized on January 9, 2025, and that Bellamy appealed the District Court's decision to the Scott County Circuit Court. However, the appeal was eventually withdrawn on April 24, 2025, and the court disposed of the appeal. *See supra* note 2.

Bellamy, an African American male, alleges that he was treated more harshly than his white counterparts in a part of Virginia that is 99% Caucasian.  He states that it "was [his] first violation and it happened on [his] last day of Parole after 3 years of compliance."  Compl. at 5. He further states that "[i]nitially, [his] parole officer exercised their [sic] discretion and sanctioned [him] with home electronic monitoring and a strict curfew, similar to how other parolees are treated.  However, the parole board then overrode [his] parole officers [sic] discretion, implementing the most severe punishment for the misdemeanor conviction by terminating [his] Parole completely."  *Id.* at 5-6.  Furthermore, Bellamy claims that he is the only person that has "effectively been punished twice for the same violation," *Id.* at 6, by the Parole Board and that Patricia West, Chair of the Virginia Parole Board, is the primary state actor that personally violated his rights "by going against Parole board policy and Procedure."  *Id.*

## II.      Standard of Review

Under 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  The court must "dismiss the complaint, or any portion of the complaint," if it is frivolous, fails to state a claim on which relief may be granted, or "seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b)(1)-(2).  While a *pro se* complaint must be construed liberally and "must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), the court cannot ignore a clear failure in the pleadings to allege facts setting forth a cognizable claim.  *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do'… Nor

4

does a complaint suffice if it tenders 'naked assertion[s]' devoid of further factual enhancement.'" (internal citations omitted)).

### III.    Discussion

Bellamy presents his claims under § 1983, a statute that permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "It is firmly established that a defendant in a § 1983 suit acts under color of law when he abuses the position given to him by the State." *Id.* at 49-50.

Bellamy's complaint fails to state a claim under § 1983 against the named defendants. First, for purposes of a § 1983 claim, the Virginia Parole Board is a state entity and not a "person" subject to suit under § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989) (concluding that the State, governmental entities that are considered "arms of the state," and officials acting in their official capacities, are not "persons" subject to suit under § 1983"). Since the Virginia Parole Board is a state agency, it is not a proper defendant in a § 1983 action.

Second, Bellamy sued Virginia Parole Board Chair Patricia West in her official capacity. Although Bellamy claims that Ms. West personally violated his rights, for purposes of a § 1983 claim, "[p]arole board members [acting in their official capacity]… generally receive absolute immunity." *Kaufhold v. Bright*, 835 F. Supp. 294, 298 (W.D. Va. 1993); *see also Franklin v. Shields*, 569 F.2d 784, 800 (4th Cir. 1977) (en banc) (holding that parole board members performing a quasi-judicial function are immune from damages liability under 42 U.S.C.

§ 1983.); *Pope v. Chew*, 521 F.2d 400, 405 (4th Cir, 1975) (finding that "Parole Board members have been held to perform a quasi-judicial function in considering applications for parole and thus to be immune from damages in § 1983 actions."). As such, the damages suit against Patricia West in her official capacity as Chair of the Virginia Parole Board must be dismissed pursuant to 28 U.S.C. § 1915A(b)(2) because the complaint seeks monetary relief against a defendant who is immune.

Fairly read, Bellamy's complaint also appears to be claiming that the denial of counsel during his preliminary parole violation hearing violated his due process rights. It is well-established that "revocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations," *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972), and while a parolee facing revocation retains a "more limited due process right" to the assistance of counsel, that right must be determined "on a case-by-case basis in the exercise of sound discretion by the state authority charged with responsibility for administering the probation and parole system." *Gagnon v. Scarpelli*, 411 U.S. 788, 789 (1973).

Even if Bellamy's complaint had alleged proper defendants, the conditions mandating the appointment of counsel are not met. First, he challenges his request for counsel during the *preliminary* revocation hearing, not the formal revocation hearing. Based on the allegations in Bellamy's complaint, he had two additional hearings: the formal revocation hearing held on May 16, 2025 and his plea of no contest held on June 9, 2025. There is no information whether he was appointed counsel in these hearings or whether he requested counsel. Furthermore, by his own admission, it appears that he verbally requested counsel and the request was denied at the preliminary hearing. There is no information regarding whether Bellamy provided any

information to meet any requirements for requesting appointed counsel, such as filling out financial information demonstrating his indigency.

Bellamy also claims he was denied equal protection, based on race, because the Virginia Parole Board revoked his parole, "implementing the most severe punishment for the misdemeanor conviction by terminating [his] parole completely." Compl. at 6. Bellamy claims the "severe outcome has not been observed with [his] white counterparts" and asserts that "the differential treatment occurred because [he is] African American, residing in a part of Virginia that is 99% Caucasian." *Id.*

"To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). Here, even given the benefit of the doubt as a *pro se* litigant, Bellamy has not alleged facts sufficient to satisfy these elements. Instead, he provides only naked assertions, generalizations, and conclusory allegations. Bellamy fails to provide specific examples or names of his white counterparts who were similarly situated and received more favorable treatment. Moreover, mere speculation that race (or racial demographics) played a role in the decision of the Parole Board is insufficient to state a plausible claim for relief. Plaintiff has alleged no facts that would allow the Court to reasonably infer that the Defendants' actions were motivated by purposeful and intentional discrimination. Accordingly, Bellamy has not stated an equal protection claim against the Defendants. *See Townes v. Jarvis*, 577 F.3d 543, 522 (4th Cir. 2009) (finding no equal protection violation where the Plaintiff "allege[d] *no* facts that, if proved, would demonstrate that the Board *intentionally* discriminated against him"); *Cheatham v. Muse*, 617 F. App'x 252, 254 (4th Cir. 2015) (affirming dismissal of prisoner's equal

protection claim where his allegations showed, "[a]t most," that the defendant's actions were motivated by "some unexplained personal dislike or vendetta against him").

Lastly, by orders entered December 4, 2025, January 21, 2026 and March 13, 2026, the court directed plaintiff to sign the complaint as required by Rule 11 of the Federal Rules of Civil Procedure. Plaintiff was advised that a failure to comply would result in dismissal of this action without prejudice. To date, Plaintiff has failed to comply with any of the court orders directing him to submit a signed copy of his Complaint.

**IV.     Conclusion**

Accordingly, for the foregoing reasons, the court will summarily dismiss Bellamy's complaint, without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1)-(2), because his claims fail to state a claim for which relief may be granted, he seeks monetary relief against defendants that are immune and for failing to comply with three separate court orders.

Entered:  May 6, 2026

*Robert S. Ballou*

Robert S. Ballou
United States District Judge